MEYER KOENIG and SAMUEL SCHAFFER, Copartners Doing Business under the Firm Name and Style of SCHAFFER & KOENIG, Respondents, *v.* EAGLE WAIST CO., INC., Appellant.

First Department March 23, 1917.

Contempt — disobedience of temporary injunction — civil and criminal contempts distinguished — no civil contempt where injunction was unauthorized.

The violation of an injunction order may involve two contempts, either a criminal contempt imposed for the outrage on the majesty of the law and the authority of the court, in which case the fine goes to the People, or it may involve a civil contempt for the violation of the right of a party, in which case a fine is imposed as indemnity for the violation of that right.

Where there is a criminal contempt for an outrage on the authority of the court, the question of the validity of the injunction order is immaterial if the court had jurisdiction of the subject-matter, and the injunction must be obeyed until vacated or set aside by the court.

But a civil contempt depends upon the validity of the injunction, and it must be determined that the offense charged was calculated to and actually did defeat, impair, impede or prejudice the rights or remedy of a party. The complaint must show that the plaintiff is entitled to an injunction or the court has no authority to make the order, and the defendant is not in contempt for failing to comply therewith, as no right or remedy has been defeated or prejudiced.

Hence, a defendant cannot be fined for a civil contempt in failing to obey an injunction when it is determined that the injunction was granted without authority.

The above rules are limited to that class of temporary injunctions authorized by section 603 of the Code of Civil Procedure.

APPEAL by the defendant, Eagle Waist Co., Inc., from an order of the Supreme Court, as resettled, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of November, 1916, punishing the defendant for contempt of court.

*Charles J. Steinberg,* for the appellant.

*Morris W. Hart* [*Morris Quasha* with him on the brief], for the respondents.

PAGE, J.:

The violation of the injunction order reviewed in *Koenig* v. *Eagle Waist Co., Inc.* (176 App. Div. 726), decided herewith, was the occasion for an order punishing the defendant for contempt of court and fining it $250 and $10 costs. The violation of an injunction order may give rise to a proceeding to punish either for a criminal or a civil contempt. (Judiciary Law [Consol. Laws, chap. 30; Laws of 1909, chap. 35], §§ 750, 753, 754, 770, 773.)

It is important that the distinction between the two should be clearly borne in mind. "In the first class of contempts, punishment is imposed for the outrage on the majesty of the law and the authority of the court, and any fine goes to the People. In the second case the proceeding is instituted for the violation of the private right, and a fine is imposed to be paid to the plaintiff as indemnity for the violation of that right." (*Bachman* v. *Harrington*, 184 N. Y. 458, 461.) In the case of a criminal contempt, if the court has jurisdiction of the subject-matter, the question of the validity of the injunction order is immaterial, it must be obeyed until vacated or set aside by the court. (*People ex rel. Gaynor* v. *McKane*, 78 Hun, 154, 158.) In a civil contempt, however, the validity of the order is of prime importance, for it must be determined that the offense charged "was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding." (Judiciary Law, § 770.) If the complaint does not show that the plaintiffs are entitled to an injunction by judgment, the court had no authority to make the order (Code Civ. Proc. § 603), and no right or remedy of the party was defeated or prejudiced by the failure to comply with it.

" It was for the court at Special Term to determine whether a contempt having been committed, the punishment should be for a civil or a criminal contempt." (*People ex rel. Roache* v. *Hanbury*, 162 App. Div. 337, 344.) In the case at bar the Special Term has determined that this was punishable as a civil contempt, for the order determines " that the said misconduct of the defendant was calculated to defeat, impair, impede and prejudice the rights and remedies of the plaintiffs

herein," and has also imposed a fine in excess of that allowed in a criminal contempt.

It follows, we having decided on the appeal from the injunction order that it was granted without authority, that the defendant could not be punished for a civil contempt for failure to obey it. Our decision is limited to that class of temporary injunctions authorized by section 603 of the Code of Civil Procedure.

The order will be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT and DAVIS, JJ., concurred; SMITH, J., concurred in result.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.