On May 15, 1950, a proceeding was instituted to punish appellants for a criminal contempt for their willful disobedience of an order of the Supreme Court, Nassau County, entered April 6, 1950. The motion was heard on May 18 and May 26,1950. On June 12, 1950, the order of April 6, 1950, was reversed by this court (277 App. Div. 880). On June 19, 1950, the motion was decided adversely to appellants, and on June 23, 1950, an order was entered adjudging them guilty of criminal contempt and fining each of them $100. Order affirmed, without costs, for the reasons stated in the opinion of Mr. Justice Hooley (198 Mise. 782). See, also, Koenig v. Eagle Waist Co. (176 App. Div. 724) and Crook v. People (16 111. 534). The eases relied upon by appellants deal with civil contempts. Appeals from two orders dated July 20, 1950, one of which denied the motion to vacate and set aside the order of June 23, 1950, and the other which granted reargument and on such reargument adhered to the original determination, dismissed, without costs. There are no such orders in the record. Carswell, Acting P. J., Johnston and MacCrate, JJ., concur; Adel, J., concurs as to dismissal of appeals from orders dated July 20, 1950, but dissents and votes to reverse the order of June 23, 1950, and to deny the motion to punish for contempt, with the following memorandum: In a civil action, hy order dated April 6, 1950, appellants were ordered to execute a certain agreement relating to the purchase of stock in a corporation. They applied to this court for a stay pending the determination of the appeal which they had taken from the order containing the direction to execute the agreement. The stay was denied. Thereafter this court reversed the order containing the direction to enter into the contract. (277 App. Div. 880.) Before the determination of the appeal, the motion was made to punish appellants. Decision on the motion was not made, however, until about seven days after the decision reversing the underlying order was made. Although I am of the opinion that ordinarily a party should not be relieved from a charge of contempt for violating an order for the sole reason that the order is afterwards held to be erroneous, I believe that under all the relevant facts and circumstances of this ease, the adjudication of criminal contempt should not have been made after the order, for the disobedience of which the contempt is charged, was reversed. Wenzel, J., concurs with Adel, J. [See post, p. 1151.]