George Posted, J.
This is a motion and cross motion for summary judgment. The plaintiff Norman Goodman is the County Clerk and Clerk of the Supreme Court in and for the County of New York. He is presently the holder of funds paid into court as a result of adjudications of contempt against certain unions and associations for violation of section 200 et seq. of the Civil Service Law popularly known as the Taylor Law. The State of New York (State) and the City of New York (City) are the adverse claimants to this fund and each seeks summary judgment in its favor.
The contempts found and their resultant fines were brought about by the efforts of the officers of the government involved, namely the City. The City, in initiating these suits was certainly an aggrieved party since the strikes most deeply concerned the public and citizenry of the City itself. However, the fines were imposed for a criminal contempt (Judiciary Law, § 751, subd. 2) which contempt necessarily results in punitive damages against the offending party rather than an indemnity to the party aggrieved (King v. Barnes, 113 N. Y. 476; People ex rel. Stearns v. Marr, 181 N. Y. 463; cf. Judiciary Law, § 773). *878 Therefore the City would not be entitled to the funds as a form of compensatory damages.
The City acted, however, not only as one aggrieved but under statutory compulsion as well. The application by the City for injunctive relief pursuant to section 211 of the Civil Service Law is mandatory and not discretionary (Board of Educ. of City of N. Y. v. Shanker, 54 Misc 2d 941, 944, affd. 29 A D 2d 634).
In this posture, with the local governmental body, which in the case at bar is the City, mandated to the expenses of litigation and protection of the .rights of its constituent public, it lies implicit in the statute that fines collected thereunder belong to that governmental body responsible for enforcement of the statute. Though the statutes involved at first blush appear silent as to the title to the fines collected (see Judiciary Law, § 751, .subd. 1; Civil Service Law, § 210, subd. 2, par. [f]; § 211) this court finds that funds collected as a result of violation of the Taylor Law, absent legislation to the contrary, are the property of the governmental body mandated to enforce that statute.
Accordingly, summary judgment is granted in favor of the City. The City of New York is entitled to the funds paid into court as a result of violations of the Taylor Law. The cross motion of the State for summary judgment is denied.