George M. Fanelli, J.
Motion to punish for contempt is granted.
After a careful consideration of all the papers submitted on this motion to punish for criminal contempt, and after conducting a hearing thereon, and upon all the evidence adduced, I find that the defendants Clarkstown Teachers’ Association, Inc., Robert Walsh, Donald Gallo, Sue Margison, Carol Vellane, Evan Abrams, William Cea and Glen Nelson, willfully disobeyed the temporary restraining provisions contained in the order to show cause of Mr. Justice Sirberman, dated September 2, 1972 and the provisions of the preliminary injunction order signed by me on September 6,1972.
Despite what defendants’ counsel states in his memorandum of law concerning the right of the defendants to a full hearing on the question of contempt of court and my denial of such right to his clients, the record indicates that at the September 6, 1972 hearing said counsel stated in open court that he represented the “ Clarkstown Teachers’ Association Inc.; the officers of that Association and the members of that Association ”, and that he represented “the people who were served with process The record further indicates that on said date counsel stated that he did not “ contest the fact that [there was] a strike on now, or a strike imminent” and that it was his understanding that the defendant association ‘ ‘ did vote to go out on strike ’ ’. Moreover, the record further indicates that at the September 25, 1972 hearing I afforded defendants’ counsel an opportunity to adduce proof as to whether his clients’ disobedience of the temporary restraining provisions of Justice Sirberman’s order to show cause dated September 2,1972 and the provisions of the preliminary injunction order signed by me on September 6, 1972 were willful.
Accordingly, I find that said defendants instigated, encouraged or condoned such teachers’ strike in violation of the Taylor Law (Civil Service Law, § 200) and in violation of both said orders of the court.
Such disobedience and eight-day strike not only deprived the children of their fundamental and .statutory right to a basic education — ■ thereby severely handicapping them in their .efforts *351 to attain higher education and future employment — but also impaired their respect for law. Our existence as a free people is dependent on a healthy respect for law and order, and strikes by public employees are not compatible with the orderly functioning of our democratic form of representative government. While I fully appreciate the social problems presented by questions concerning the right of public employees to unionize, nevertheless, as a Judge I must remind teachers and public employees that the interests of unionism do not justify standing in defiance of law. The purpose and intent of the Legislature of the State of New York in enacting the Taylor Law is clear and unambiguous and its provisions must be complied with scrupulously.
Accordingly, pursuant to the provisions of section 750 and 751 of the Judiciary Law and after carefully considering all the facts and circumstances and the extent of the willful defiance of the court’s mandates, each of the afore-mentioned individual defendants is fined the sum of $250, for each of the afore-mentioned two willful disobediences, said fines to be paid within five days after the service of a copy of the order to be entered hereon with notice of. entry thereof upon the defendants’ attorneys.
Insofar as defendant Clarkstown Teachers’ Association, Inc., is concerned, the court has likewise carefully considered all the facts and circumstances directly relating to the said contempt, including, but not limited to, the extent of the willful defiance of or a resistance to the court’s mandates; the impact of the strike on the public health, safety and welfare of the community and the ability of said defendant to pay the fine to be imposed herein. The court has also considered the claim alleged by said defendant that plaintiff or its representatives engaged in such acts of extreme provocation as to detract from the responsibility of defendant for the strike. In this connection the court finds that there has been a fatal failure of proof adduced by defendant to substantiate the charge that plaintiff or its representatives engaged in any acts of extreme provocation as to detract from defendant’s responsibility for the eight-day strike, or that plaintiff failed to negotiate in good faith, or that plaintiff was part of a “ conspiracy ” with other Boards of Education in Rockland County to “ hold the line at $8700 per year as the salary for beginning teachers ”. Furthermore, I. give credence to the testimony of Mr. Dom to the effect that in his telephone conversation with Mr. Lima regarding the over-all teachers’ situation he did not use any profane language toward Mr. Lima.
*352 Accordingly, said defendant Clarkstown Teachers’ Association, Inc., is fined the .sum of $3,500, said fine to he paid within five days- after the service of a copy of the order to be entered hereon with notice of entry thereof upon the defendants’ attorney.
The afore-mentioned fines are to he paid to the plaintiff (see Goodman v. State of New Yorh, 67 Misc 2d 877, affd. 38 A D 2d 895).
In the event that the said fines are not paid as aforesaid, then plaintiff may apply to the court for such other and further relief as it may deem appropriate including the ‘ ‘ additional punishment ” and all other forms of relief provided for in subdivision 2 of section 751 of the Judiciary Law.