■ BOARD OF EDUCATION OF CLARKSTOWN CENTRAL SCHOOL DISTRICT No. 1, Respondent, v. CLARKSTOWN TEACHERS' ASSOCIATION, INC., et al., Appellants. In the Matter of DAVID H. MOSES, as Chief Legal Officer of the Board of Education of the Clarkstown Central School District No. 1, Rockland County, Respondent, v. CLARKSTOWN TEACHERS' ASSOCIATION, INC., et al., Appellants.— In this proceeding under sections 750 and 751 of the Judiciary Law to punish appellants, the Clarkstown Teachers' Association, Inc. and its officers, for willful contempt of two temporary injunction orders of the Supreme Court, Rockland County, dated September 2, 1972 and September 6, 1972, respectively, the appeal is from an order of the Supreme Court, Rockland County, dated November 21, 1972, which granted the application and imposed fines upon appellants, payable to the plaintiff Board of Education. Order modified, on the law, by striking therefrom the decretal provisions that the fines are to be paid " to plaintiff " and substituting therefor provisions that they are to be paid to the County Treasurer of Rockland County. As so modified, order affirmed, without costs. In the light of the recent determination of the Court of Appeals in *Goodman* v. *State of New York* (31 N Y 2d 381), we determine that the fines imposed by the order under review should be paid to the County Treasurer of Rockland County and not to the plaintiff Board of Education. In *Goodman,* unions representing public employees (sanitation men, teachers and supervisory personnel) were held in contempt of court for directing their members to strike in violation of injunctions to enforce the Taylor Law (Civil Service Law, § 200 *et seq.*). The unions were punished by fines imposed — as at bar — under section 751 of the Judiciary Law. That statute involves " punishment for criminal contempts ". The fines in *Goodman* were paid to the plaintiff, as the County Clerk. Declaratory judgment was sought as to whether the City of New York, the aggrieved employer, or the State of New York, representing the public generally, should receive the fines. Chief Judge Fuld, writing for the court, after noting that the city, as the employer, was the directly aggrieved party and had the expense of invoking the Taylor Law sanctions, held (p. 385) that nevertheless, " criminal contempt of court, though it may be charged in a civil proceeding, has, as its name implies, criminal overtones. A fine for criminal contempt, we have declared, is ' a punishment for the wrong in the interest of public justice, and not in the interest of an individual litigant' ° ° ° Accordingly, as in the case of other criminal offenses * * * it is our view that fines for criminal contempt must, under section 791 of the Judiciary Law, be deemed payable to the treasurer of the county in which the court imposing them is sitting" *Beth-El Hosp.* v. *Davis* (231 N. Y. S. 2d 635, affd. 18 A D 2d 1138) is distinguishable, because: (a) there, the contempt for violating the injunction against striking was found to be a civil as well as criminal contempt; (b) here, the contempt order holds appellants in criminal contempt only; (c) there, the Taylor Law, permitting criminal contempt proceedings for sanctions under section 751 of the Judiciary Law, was not involved; and (d) here, the Taylor Law, more particularly section 211 of the Civil Service Law, is the controlling statute. Martuscello, Acting P. J., Gulotta, Christ and Brennan, JJ., concur. Benjamin, J., dissents and votes to affirm the order, with the following memorandum: In my opinion the fines imposed should be paid to the aggrieved party and not to the County Treasurer of Rockland County.

While the Civil Service Law classifies a violation of a Taylor Law injunction as a criminal contempt (Civil Service Law, § 211), it does not make criminal contempt an exclusive remedy for conduct which is at once both a civil and criminal contempt. In *King* v. *Barnes* (113 N. Y. 476, 480–481) it was said "that the main line of distinction between criminal and civil contempts is that the one is an offense against public justice, the penalty for which is essentially punitive, while the other is an invasion of private right, the penalty for which is redress or compensation to the suitor. * * * this distinction, while marked and obvious, was not complete and perfect, since behind criminal contempts often stood some trace of private rights, and in civil contempts was occasionally to be found the element of punishment merely". In some cases the elements of both civil and criminal contempt are present. Thus, in *Matter of New York State Labor Relations Bd.* v. *Kleen-Rite Process Corp.* (258 App. Div. 59) and *Matter of New York State Labor Relations Bd.* v. *Wheeler* (177 Misc. 945, 951) [in both cases, refusal to comply with an order directing compliance with certain orders of the New York State Labor Relations Board] both types of contempt were found simultaneously (see, also, *Koenig* v. *Eagle Waste Co.*, 176 App. Div. 724 [injunction]). In other cases, the character of the conduct is more akin to civil contempt. Thus, in *Beth-El Hosp.* v. *Davis* (231 N. Y. S. 2d 635, 641, affd. 18 A D 2d 1138), which involved an injunction against hospital employees, I wrote: "A party sustaining damage by reason of failure of a contemnor to comply with an order of the court is entitled to be reimbursed by way of fine for the damages resulting from such failure. To say that he shall be denied this right because the contempt is wilful and wanton would be wholly irrational. The fact that such conduct, being wilful and wanton, is punishable as well as an offense against the court itself, does not change its character as a civil contempt in addition to its criminal aspect." The principle of *Beth-El Hosp.* v. *Davis* (*supra*) applies with full force to the facts presented by this record. Appellants' conduct caused the respondent Board of Education to suffer damages and thus the latter is an aggrieved party entitled to be made whole by way of a fine for damages caused by the contemnors. The elements of criminal contempt present here by virtue of section 211 of the Civil Service Law do not defeat the rights of the aggrieved party to recover the fines because they do not change the essential character of the contempt. To hold otherwise, as the majority does, is to make criminal contempt an exclusive remedy and thereby preclude the aggrieved party from recovering for appellants' failure to comply with the mandate of the court. [73 Misc 2d 349.]