THOMAS M. KING et al., Respondents, *v.* REON BARNES, Impleaded, etc., Appellant.

Where a final judgment required a formal transfer of stock upon the books of a corporation by its officers, who were defendants, and where two orders, granted upon the foot of said judgment, each fixed a time and place for such transfer and required it to be made, *held*, that the advising and procuring by B., one of the defendants, disobedience of the judgment on the part of the officers was a civil contempt within the Code of Civil Procedure (§ 14, sub. 4).

Any person who interferes with the process, control or action of the court in a pending litigation, unlawfully and without authority, is guilty of a civil contempt if his act defeats, impairs, impedes or prejudices the rights or remedy of a party to such action or proceeding.

When proceedings against B., to punish him for the contempt, were instituted the stock had not been transferred. Before the final order against him was made the officers had yielded obedience to the judgment and orders,

thus purging themselves of contempt.  B. was sentenced to six months
imprisonment.  *Held,* no error; that B.'s offense was not an omission
to perform something the court had enjoined upon him, and which it
was in his power to do, but was an affirmative act of resistance to the
process of the court, an active effort to defeat its orders and make
its judgment nugatory, and was appropriately punished.  (Code Civ.
Pro. § 2285.)

While the main distinction between criminal and civil contempts is that
one is an offense against public justice, the penalty for which is essen-
tially punitive, and the other is an invasion of private right, the penalty
for which is redress or compensation to the suitor, still this distinction
is not complete and certain; as behind criminal contempts often stands
some trace of private rights, and in civil contempts there are sometimes
found the element of punishment merely, as distinguished from the bare
enforcement of a remedy.

In the contempt proceedings witnesses were ordered to be examined, who
were cross-examined by B., without objection or protest.  It was objected
on appeal that the court had no power to make such order.  *Held,* that
B. must be deemed to have assented to the practice adopted.

Reported below, 51 Hun, 550.

(Argued April 16, 1889; decided May 3, 1889.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made February 11,
1889, which affirmed an order of the Special Term declaring
the defendant Reon Barnes in contempt and punishing him
therefor.

This was a proceeding to punish the defendant Reon Barnes
for contempt in advising, directing, aiding and abetting the
disobedience by the other defendants, the president and
directors of the New York Transit and Terminal Company
(Limited), of the judgment and orders of the court.

Barnes did not occupy any official executive position in the
company which called upon him personally to perform the acts
required.  He was adjudged to be in contempt and to be
punished by imprisonment for six months in any county in
which he might be found and to pay a fine of $250.

*William B. Hornblower* for appellant.  A proceeding to
punish for contempt, begun by an order to show cause, is a
special proceeding, and an appeal can be taken from the order
adjudging the party in contempt as from a final order in a

special proceeding, notwithstanding the papers are entitled in the original action. (*Erie R. Co.* v. *Ramsey*, 45 N. Y. 637.) The appeal brings up any interlocutory order which is properly specified in the notice of appeal just as in the case of an appeal from a final judgment. (Code of Civil Pro. § 1358.) The court had no power to direct imprisonment of the defendant Barnes absolutely for six months, or for any other time, except until the judgment or directions of the court should be carried out in the particulars specified. (Rapalje on Contempts, § 21; *Phillips* v. *Welch*, 11 Nev. 187, 190.) There was no case made out, within the definitions given by the Code, justifying the order made against Barnes in this case. (*People ex rel. Munsell* v. *Court of Oyer and Terminer*, 101 N. Y. 245, 251.) A person making application to punish a party for contempt must show that he has some interest in the subject-matter pending in court, or that he has a right to prosecute for the misconduct or other injury complained of. (6 Wait's Pr. 123; *Hawley* v. *Bennett*, 4 Paige, 163.)

*William W. MacFarland* for respondents. Aiding and abbetting others in the violation and defiance of the orders of the court amounts to a civil contempt, and may be punished as such. (*Mayor, etc.* v. *Pendleton*, 64 N. Y. 622.) A civil contempt may be punished both by fine and imprisonment, and if the act or duty cannot be performed, the imprisonment may not exceed six months and until the fine is paid. (*People ex rel.* v. *Court of Oyer and Terminer*, 101 N. Y. 245.) This was a civil contempt and punishable as above stated. (Throop's Code, § 2266, preliminary note.) It was the duty of Barnes to refrain from evil and exert no malign influence over his co-defendants, and for a failure of duty in that respect he has been punished. (101 N. Y. 247.) It was not erroneous to receive oral testimony at the hearing. (*Meyer* v. *Lent*, 7 Abb. Pr. 225.) There was abundant evidence to convict without the parol evidence given under the order, and, if necessary, that evidence may be disregarded.

(67 N. Y. 623; Daniell's Ch. Pr. [3d Am. ed.] 739, 740; 3 Greenl. Ev. §§ 381, 385.)

FINCH, J. The defendant Barnes appeals from an order which punishes him by fine and imprisonment for contempt. His offense consisted in advising and procuring the disobedience of the officers of the Staten Island Terminal Company to a final judgment rendered against them and him, which required the formal transfer of stock upon the books of the company, and to two orders granted upon the foot of that judgment, each of which fixed a time and place for such transfer, and required it to be made. The offense charged was certainly not a criminal contempt, and it is now insisted that it was not a civil contempt, because neither described in the specific definitions of section 14 of the Code, nor in the final provision of that section which preserves the common-law right in cases not specifically enumerated. I think the case is covered by the last clause of subdivision 4 of the section referred to. That subdivision specifies, as constituting a contempt, the act of a person who falsely assumes to be an attorney or officer of the court and acts as such; who rescues any person or property in its custody; who prevents any party or witness from attending or testifying in any action or special proceeding; or who is guilty of any other unlawful interference with the proceedings therein. The subdivision specifies certain acts of interference with the due and orderly progress of an action or proceeding to its final and ultimate close, and then adds generally a provision which covers any other interference with it. So that any person who interferes with the process or control or action of the court in a pending litigation, unlawfully and without authority, is guilty of a civil contempt if his act defeats, impairs, impedes or prejudices the right or remedy of a party to such action or proceeding. The action against the officers of the company remained pending through the permission to apply for further relief upon the foot of the judgment until its purposes were fully accomplished. Barnes interfered to prevent obedience to the judgment, and to defy

the orders of the court. He did this, actively and intentionally, through his control over the officers who were put in position to do his bidding, and were always ready to obey his commands The evidence warranted a conclusion that he caused and aided their disobedience, paying their fines when payment could not be escaped, and supporting them out of the jurisdiction when the fire of the courts became too hot for safety, or their orders could be thwarted by that means. His conduct, therefore, was a direct interference with the action and its ultimate proceedings in aid of the judgment; and it was an interference which, for a time, defeated, and which, in the end, impeded and impaired the remedy of the plaintiffs, and was planned and intended to effect that precise result. I think it was clearly within the provisions of the Code defining a civil contempt.

It is next argued that the punishment of six months' imprisonment was without authority and exceeded the jurisdiction of the court. When the proceeding against Barnes was begun, the stock had not been transferred and the officers of the company were in contempt. Before the final order against him was made, the officers of the company had grown sufficiently fearful of the possible consequences of their contumacy to yield obedience to the judgment and orders, and by so doing escaped imprisonment. Because they escaped it Barnes thinks that he should. Because he could not keep them longer in contempt he claims to be relieved from the consequences of his own interference. Because they had purged their contempt he thinks it should be taken as purging also his, or, at least, reducing its gravity to the penalty of a mere fine. The argument in his behalf is plausible, but unsound. It is true, as we have elsewhere said, that the main line of distinction between criminal and civil contempts is that the one is an offense against public justice, the penalty for which is essentially punitive, while the other is an invasion of private right, the penalty for which is redress or compensation to the suitor. But we also pointed out that this distinction, while marked and obvious, was not complete and perfect, since

behind criminal contempts often stood some trace of private rights, and in civil contempts was occasionally to be found the element of punishment merely, as distinguished from the bare enforcement of a remedy ; and we cited the very provision under which, in this case, Barnes was sentenced to imprisonment as an illustration of the latter peculiarity. (*People ex-rel. Munsell* v. *Court of Oyer and Terminer*, 101 N. Y. 245.)   That section of the Code (§ 2285) provides, that " where the misconduct proved consists of an omission of an act or duty which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it and paid the fine."   This provision manifestly refers to a case in which the court has ordered an individual to perform some act or duty to the performance of which some suitor has a right, and which is essential to his remedy.   That was not the situation of Barnes.   He was not directed to perform any act or duty at all ; and the act commanded was one which he could not perform, because he was not president or treasurer of the company. The provision cited, therefore, can have no reference to him. The section proceeds to enact that " in every other case " the penalty shall be a fine of not more than $250 and imprisonment not to exceed six months.   That is the provision which covered the contempt of Barnes.   It was not an omission to perform what the court had enjoined upon him, and which it was in his power to do, but it was an affirmative act of resistance to the process of the court, an active effort to defeat its orders and make its judgment nugatory, " an unlawful interference " with an action or proceedings in the court.   As such it was a civil contempt ; and as such was visited with the appropriate punishment.

It is further objected that the court had no power in the contempt proceeding to order the examination of witnesses. Whether that be so or not there is no trace of any objection or protest on behalf of Barnes, but, on the contrary, he cross-examined the witnesses and must be held to have assented to the practice adopted.   Whether that order is here on a sepa-

rate appeal or involved in the one under consideration, it must be affirmed as not erroneous under the circumstances.

We are of opinion that the order appealed from was right and should be affirmed, with costs.

All concur.

Order affirmed.