ELIZABETH D. DE LANCEY, Respondent, *v.* HENRY PIEPGRAS, Appellant, Impleaded with JOHN HUNTER, Respondent.

*Injunction restraining resistance to the enforcement of an execution — when proper.*

The plaintiff in an action of ejectment, by virtue of an execution issued upon the judgment entered therein, was put into possession of certain real estate, and thereafter the defendant entered upon such premises by force, removed a structure erected for the shelter of the plaintiff's employees, and threw it into the waters of Long Island Sound, using violent threats before such seizure of possession and also after it.

*Held,* that it was proper to grant an injunction restraining such defendant from all resistance to the enforcement of such execution, and from interfering in any way with the possession of such premises acquired under such execution.

APPEAL by the defendant, Henry Piepgras, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 22d day of July, 1893, directing the defendant to restore to the plaintiff and the defendant Hunter the possession of certain premises, and directing him to desist from any interference with the enforcement of an execution issued upon a certain judgment or any other mandate issued thereupon.

*Geo. A. Black,* for Piepgras, appellant.

*Walter D. Edmonds,* for the plaintiff (respondent).

*John Hunter, Jr.* for defendant Hunter, respondent.

BARNARD, P. J.:

On the 26th of June, 1893, by virtue of an execution in this case, the plaintiff was put into the possession of certain premises at City Island in Westchester county. On the 17th of July, 1893, the defendant Piepgras entered upon the premises by force, removed a structure erected for the shelter of plaintiff's employees, and threw it into the waters of Long Island Sound. Violent threats preceded and followed this seizure. On this state of facts the court, upon notice, granted an injunction restraining Piepgras from all resistance to the enforcement of•the execution herein, and from interfering, in any way, with the possession of the premises in question. The appellant, Piepgras, claims that the order restraining him was unauthorized by law, and that the plaintiff has no remedy to enforce a judgment except by an execution. The execution failed to answer his purpose, and the question is whether a new action in ejectment is necessary, which would lead to endless litigation, or whether the court can prevent, in this action, interference with the due and orderly execution of its process. The execution would be sufficient in ordinary cases, but here it is not permitted to have its effect. The court has power to prevent a failure of justice and can punish for a contempt any disobedience to its process. Why not.

make an order that a party desist from interference with process and that he reinstate a possession given under it, before enforcing obedience to the process of punishment?

The order should, therefore, be affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order denying motion to set aside execution affirmed, with costs and disbursements.*

A person who interferes with process is punishable by proceedings for contempt if his acts defeat or impair the rights of another.

BARNARD, P. J.:

Upon the appeal from the order of July 22, 1893, we came to the conclusion that a court of general jurisdiction could, by an order, enjoin a defendant from interference with the execution of regular process for the delivery of the possession of land under a judgment; that such an order would be upheld under the general provisions of

