ELIZABETH D. DE LANCEY, Respondent, *v.* HENRY PIEPGRAS, Appellant, Impleaded with JOHN HUNTER, Respondent.

*Interference with the process of a court of general jurisdiction — power to enjoin such interference — contempt.*

A court of general jurisdiction can, by an order, enjoin a defendant from interference with the execution of regular process for the delivery of the possession of land under a judgment.

A person who interferes with process is punishable by proceedings for contempt if his acts defeat or impair the rights of another.

APPEAL by the defendant, Henry Piepgras, from an order of the Supreme Court, made at the Kings County Special Term, entered in the office of the clerk of the county of Westchester on the 26th day of August, 1893, denying the defendant's motion to vacate an order restraining the defendant from interfering with the execution of a judgment putting the plaintiff in possession of real property.

*Geo. A. Black*, for Piepgras, appellant.

*Walter D. Edmonds*, for the plaintiff (respondent).

*John Hunter, Jr.*, for defendant Hunter, respondent.

BARNARD, P. J.:

Upon the appeal from the order of July 22, 1893, we came to the conclusion that a court of general jurisdiction could, by an order, enjoin a defendant from interference with the execution of regular process for the delivery of the possession of land under a judgment; that such an order would be upheld under the general provisions of

---

* Sic.

a court, to prevent injustice.   There could never be a final settlement of a dispute if, after possession was delivered under an execution, the dispossessed party could re-enter by force.   A person who interferes with process is punishable by proceedings for a contempt if his acts defeat or impair the rights of another.   (*King* v. *Barnes,* 113 N. Y. 476.)

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred ; DYKMAN, J., not sitting.

Order granting injunction July 22, 1893, affirmed, with costs and disbursements.