**In re Luther R. CAMPBELL, Debtor.**

**Bankruptcy No. 95–12785–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida.

June 28, 1995.

Jonathan K. Winer, Law Offices of Jonathan K. Winer, P.A., Miami, FL, for debtor.

Darin I. Zenov, Leinoff & Silvers, P.A., Coral Gables, FL, for Barnett.

### *ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION FOR DETERMINATION OF STAY VIOLATION; AND GRANTING IN PART BARNETT'S ORE TENUS MOTION FOR RELIEF FROM STAY*

ROBERT A. MARK, Bankruptcy Judge.

On June 27, 1995, the Court heard the Debtor's Emergency Motion for Order Directing Tina Barnett to Cancel State Court Surrender Hearing as Violation of the Automatic Stay ("Motion for Determination of Stay Violation"). For the reasons that follow, the Court finds that the state court proceedings in connection with a June 6, 1995 contempt order are not subject to the automatic stay and should be permitted to go forward, provided that absent further order of this Court: (1) the Debtor cannot be required to use property of the estate to make payment on prepetition debts for support or maintenance, and (2) the purging of any contempt order cannot be made conditional upon payment of money from property of the estate.

The Court in this Order also provides declaratory relief as to the scope of the automatic stay in connection with the state court action. In addition, the Court will grant partial stay relief to Barnett, to the extent necessary, to proceed with a separate contempt motion for the Debtor's alleged violation of a restraining order.

### BACKGROUND

The Debtor is the defendant in an action commenced prepetition by Teenear Barnett a/k/a Tina Barnett ("Barnett") in the Dade County Circuit Court, Family Division, styled *Barnett v. Campbell,* Case No. 94-25786-FC-29 ("Barnett Action"), seeking a declaration of paternity and award of child support. The state court entered an order on June 6, 1995 (six days prior to the filing of Debtor's petition), sentencing the Debtor to 60 days in jail for willful contempt of Court for failure to pay sums owing for child support, as well as other amounts previously ordered (the "Nonpayment Contempt Order").

The Nonpayment Contempt Order allowed the Debtor to purge the contempt by paying specified sums owed totalling $40,132.00 within thirty days of the date of the hearing. If the Debtor failed to pay the complete sum specified within that time, he was required to surrender himself before the Court on June 28, 1995 at 2:00 p.m. to serve the sentence ordered.

The Debtor asserts that his present counsel was never served with a copy of the Nonpayment Contempt Order, and only

learned of it on June 26, 1995. At hearing Debtor's current counsel acknowledged that the Debtor and former state court counsel were present at the May 18, 1995 hearing at which the state court judge made the ruling reflected in the June 6, 1995 order, and apparently just neglected to inform present counsel of the Nonpayment Contempt Order.

The Debtor has now filed this Motion for Determination of Stay Violation, asserting that the "surrender hearing" scheduled for June 28, 1995 in the Barnett Action is stayed pursuant to 11 U.S.C. § 362. The Debtor also asserts that his liberty is essential to the reorganization of his personal affairs as well as to the reorganization of Luke Records, Inc., which also has a chapter 11 case pending in this Court.

At hearing, Barnett's counsel informed the Court that several other motions also are set for hearing on June 28, 1995, including a motion for contempt for violation of a restraining order prohibiting the Debtor from "harassing, molesting, bothering, annoying" (sic) Barnett ("Harassment Contempt Motion"), a motion seeking attorneys fees, a motion seeking an income deduction order, and discovery matters. Barnett moved ore tenus for stay relief to proceed with certain of these matters.

### *DISCUSSION*

### I. The Automatic Stay & Exceptions

■ As a general principle, § 362(a) of the Bankruptcy Code imposes an automatic stay against most actions against a debtor or his property, including the commencement or continuation of judicial actions; enforcement of prepetition judgments; acts to obtain possession or control of property of the estate; and acts to collect, assess or recover claims that arose prepetition. The stay applies unless there is an applicable exception or an order granting relief from or modifying the stay.

Section § 362(b) creates several exceptions to the automatic stay that may be relevant to the Barnett Action: under § 362(b)(1), the stay does not apply to the commencement or continuation of a criminal action or proceeding against the debtor; under § 362(b)(2)(A), the stay does not preclude the commence-

ment or continuation of an action for establishment of paternity or of an order for alimony, maintenance or support; and under § 362(b)(2)(B), the stay does not prevent the collection of alimony, maintenance, or support from property that is not property of the estate.

### II. Proceedings to Establish Paternity and Orders of Support or Maintenance

■ The Barnett Action was filed to establish paternity and therefore the case generally falls within the exception for actions to establish paternity or support under § 362(b)(1). Thus, proceedings in the Barnett Action directly connected with efforts to establish paternity and to obtain orders of support or maintenance are not stayed by the Debtor's bankruptcy. Discovery in connection with Barnett's efforts to establish paternity and support orders also is not stayed, including discovery of Debtor's income to determine child support.

■ However, efforts to establish potential obligations of the Debtor that are not in the nature of support or maintenance are outside the scope of the § 362(b)(1) exception, and are subject to the stay. Thus, proceedings seeking attorneys fees or other obligations that are not clearly in the nature of support or maintenance are stayed pending further order of this Court.

### III. Proceedings to Collect Support or Maintenance

■ Motions or proceedings that seek to *collect* maintenance or support are excepted from the stay only if they do not seek to collect from property of the bankruptcy estate. 11 U.S.C. § 362(b)(2)(B). Otherwise, further relief from this Court must be obtained. Proceedings in the Barnett Action to collect support or maintenance may go forward so long as Barnett agrees not to seek collection from property of the estate. Thus, proceedings on the Nonpayment Contempt Order may go forward, so long as the Debtor is able to purge the contempt with funds that are not property of the estate.

■ Barnett also may seek an income deduction order that would collect support from Debtor's postpetition earnings (which are not part of the bankruptcy estate), and may undertake any other efforts to collect support or maintenance that will not affect property of the estate. What Barnett cannot do is seek an order allowing her to collect support or maintenance from property of the estate unless she obtains further relief from this Court.

## IV. Contempt Proceedings

■ Certain proceedings in the Barnett Action may be excepted from the stay under § 362(b)(1) as criminal proceedings, if contempt orders sought or enforced are intended to uphold the dignity of the court rather than simply to collect a debt. Other factors that would be considered include whether the contempt is unconditional or subject to purge, whether it arises out of prepetition conduct, and whether the finding of contempt was made prior to bankruptcy. *See, e.g., In re Kearns,* 161 B.R. 701 (D.Kan.1993); generally, state court enforcement of a prepetition contempt order does not violate the automatic stay. *See, e.g., N.L.R.B. v. Sawulski,* 158 B.R. 971 (E.D.Mich.1993); *In re O'Brien,* 153 B.R. 305 (D.Or.1993); *Stovall v. Stovall,* 126 B.R. 814 (N.D.Ga.1990).

■ Although the Nonpayment Contempt Order appears to be a civil contempt designed to coerce payment rather than a criminal contempt, Barnett's Harassment Contempt Motion very well may seek a finding of criminal contempt that would not be subject to the automatic stay. Regardless of whether the Harassment Contempt Motion falls within § 362(b)(1) or not, this Court finds cause to grant Barnett's ore tenus motion for stay relief in order to proceed with the Harassment Contempt Motion. The June 28, 1995 hearing on that motion may proceed and the state court may impose any appropriate sanctions other than the payment of money from the bankruptcy estate.

In accordance with the foregoing, and for the additional reasons stated on the record at hearing, it is—

**ORDERED** as follows:

1. The Debtor's Motion for Determination of Stay Violation is **GRANTED** in part and **DENIED** in part:

(a) Further proceedings on the Nonpayment Contempt Order are not subject to the automatic stay, provided that Barnett does not seek collection of prepetition support or maintenance from property of the estate, and provided that the purging of any contempt does not require the Debtor to use property of the estate.

(b) Other proceedings in the Barnett Action that are directly connected with efforts to establish paternity or obtain orders of support or maintenance, including discovery, are not subject to the automatic stay.

(c) Other proceedings in the Barnett Action to collect support or maintenance that do not seek collection from property of the estate or otherwise affect property of the estate, including obtaining an income deduction order, are not subject to the automatic stay,

2. Barnett's ore tenus motion for stay relief to proceed with the Harassment Contempt Motion is **GRANTED.**

3. Barnett's ore tenus motion for stay relief to proceed with a motion to determine attorneys fees is **DENIED** without prejudice.

**DONE AND ORDERED.**