**In re Irving NEWMAN, a/k/a Rick Newman, Debtor.**

**Bankruptcy No. 96–B–41728 (JHG).**

United States Bankruptcy Court,
S.D. New York.

June 12, 1996.

Polstein, Ferrara & Dwyer, P.C. by Anthony J. Ferrara, New York City, for Creditor Tammy Newman.

Martin Grossbach, P.C. by Martin Grossbach, Tarrytown, NY, for debtor.

Togut, Segal & Segal by Neil Berger, New York City, for Chapter 7 Trustee.

## DECISION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

JEFFRY H. GALLET, Bankruptcy Judge.

Tammy Newman, a creditor and the former spouse of this chapter 7 debtor, moves for relief from the automatic stay so that she may enforce a prepetition order for child support and maintenance and a prepetition judgment for child and spousal support and legal fees out of the debtor's postpetition assets. She also seeks to pursue an application in state court to hold the debtor in criminal contempt.

The Chapter 7 Trustee does not object to my granting the relief requested. The debtor does.

### BACKGROUND

The Newmans entered into a separation agreement on April 25, 1981, which was incorporated, but not merged, into a judgment of divorce that year. The debtor failed to pay child support and spousal maintenance, as required. Indeed, this debtor seems to have a long and inglorious history of nonpayment of support obligations.

Ms. Newman commenced a proceeding to collect arrears in the New York State Supreme Court, which culminated in a judgment being entered against the debtor, on his consent, in the amount of $148,752.56 for child support and spousal maintenance, plus $3,850 in attorneys fees, for a total of $152,-602.56, on October 18, 1995. There have been no payments to reduce the judgment.

Subsequent to the entry of the judgment, and to date, Mr. Newman has been obligated to make support and maintenance payments. He has failed to do so, both before and after the filing of his bankruptcy petition.

The debtor opposes Ms. Newman's motion arguing that relief from the stay is premature and harmful to other creditors. He offers neither legal nor factual support for that argument. Neither the trustee nor any other creditor has joined Mr. Newman in his objection, although 21 creditors received notice of Ms. Newman's motion.

He further argues that since she is asking for relief from the automatic stay, Ms. Newman must intend to pursue estate assets. He offers no further support for that position. Ms. Newman has indicated that she intends to pursue his postpetition income, as identified in the schedule Mr. Newman filed with this court.

Finally, Mr. Newman argues that the legal fees portion of the judgment, awarded to Polstein Ferrara & Dwyer, P.C., is dischargeable. Polstein Ferrara & Dwyer, P.C. has not moved for relief from the stay, although it has commenced an adversary proceeding to declare legal fees nondischargeable on the grounds that they were "incurred . . . in connection with the obtaining of child support and spousal maintenance."

### DISCUSSION

This long-running matrimonial dispute has found its way from the state courts to the federal courts. Before going further, I must consider the role of the federal courts in family law matters such as these.

■ Federal courts should avoid deciding family law matters wherever possible. *Carver v. Carver,* 954 F.2d 1573 (11th Cir.1992), *cert. den.,* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992).

[T]here is a danger that bankruptcy will be used as a weapon in an ongoing battle between former spouses over the issues of alimony and child support or as a shield to avoid family obligations. It is important that the bankruptcy code . . . not be used

to deprive dependents, even if only temporarily, of the necessities of life.

*Id.* at 1579 (quoting *Caswell v. Lang,* 757 F.2d 608, 610 (4th Cir.1985)).

■ In addition, Federal courts recognize the special expertise of state courts in domestic relations matters. *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Robbins v. Robbins,* 964 F.2d 342 (4th Cir.1992). Accordingly, bankruptcy courts will generally defer to state courts in the interest of judicial economy and restraint and out of respect for the state courts' expertise in domestic relations issues. *In re Wright,* 184 B.R. 318 (Bankr.N.D.Ill. 1995).

The thread running through the recent bankruptcy court decisions is best summed up in *In re Sinewitz,* 166 B.R. 786 (Bankr. D.Mass.1994), where the court declared:

> The United States Bankruptcy Court is not a sanctuary for the avoidance of child support obligations. Nor will the Court allow itself to be used as a tool to evade … [state court] child support orders by: (1) serving as a de novo appellate court to review the extent or timing of payment of those nondischargeable obligations, or (2) diluting their efficacy by discharging attorney's fees necessitated by the enforcement of … [state court] child support orders.

*Id.* at 789.

■ The bankruptcy courts will not entertain cases filed primarily as litigation tactics by spouses engaged in "scorched earth" legal wars. *In re Purpura,* 170 B.R. 202 (Bankr. E.D.N.Y.1994).

## THE LAW

### THE AUTOMATIC STAY

■ The mere filing of a petition in bankruptcy, without any further action by the Bankruptcy Court or the debtor, stays the commencement or continuation of any state or federal litigation, including appeals, against the debtor, including those exempted from discharge, based on a cause of action which arose prior to the filing of the bankruptcy, other than those specifically excepted

by statute. 11 U.S.C. 362(a)(1); *In re Montana,* 185 B.R. 650 (Bankr.S.D.Fla.1995).

The Bankruptcy Code exempts several types of actions from the automatic stay. Among them are actions or proceedings to establish or modify an order for support and to collect support from property which is not part of a debtor's estate. 11 U.S.C. § 362(b)(2)(A), (B); *In re Campbell,* 185 B.R. 628 (Bankr.S.D.Fla.1995).

■ Once a debt is found to be nondischargeable as support arrears, the debt is no longer subject to the automatic stay. However, the amount of the arrears and the enforcement of any support judgment, is within the jurisdiction of the state courts. *In re Wright,* 184 B.R. 318 (Bankr.N.D.Ill.1995). Postpetition earnings of a Chapter 7 debtor are not protected by the automatic stay. *Carver v. Carver,* 954 F.2d 1573 (11th Cir. 1992), *cert. den.,* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992).

■ As to those areas protected by the automatic stay, relief from the stay is liberally granted. *Carver v. Carver,* 954 F.2d 1573 (11th Cir.1992), *cert. den.,* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992); *In re Watson,* 192 B.R. 238 (Bankr.D.Nev.1996); 11 U.S.C. 105(a), 362(d).

## CONTEMPT

■ New York State recognizes two types of contempt, civil and criminal. A particular act, or failure to act, may constitute either or both. What they have in common is that they are based on a clear violation of an unequivocal, lawful court order. *New York City Dep't of Envtl. Protection v. Department of Envtl. Conservation of New York,* 70 N.Y.2d 233, 519 N.Y.S.2d 539, 513 N.E.2d 706 (1987).

■ It is well-recognized that there is a blurred line of distinction between civil and criminal contempt. *Hicks v. Feiock,* 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988); *King v. Barnes,* 113 N.Y. 476, 21 N.E. 182 (1889). Civil contempt has as its main aim the vindication of a private right of a party to a litigation. Any penalty assessed is to compensate that party or to coerce compliance with a court order to that party's benefit, or

both. *New York City Dep't of Envtl. Protection v. Department of Envtl. Conservation of New York,* 70 N.Y.2d 233, 519 N.Y.S.2d 539, 513 N.E.2d 706 (1987); *McCormick v. Axelrod,* 59 N.Y.2d 574, 466 N.Y.S.2d 279, 453 N.E.2d 508, *amended,* 60 N.Y.2d 652, 467 N.Y.S.2d 571, 454 N.E.2d 1314 (1983). Although courts have an inherent power to enforce their orders through civil contempt (*Shillitani v. United States,* 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966)), actions for civil contempt are considered private collection devices and within the ambit of the automatic stay. *In re Kearns,* 168 B.R. 423 (D.Kan.1994).

 The purpose of criminal contempt is to vindicate offenses against public justice, rather than to enforce the rights of a party, and to compel respect for court orders. *Cooke v. United States,* 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925); *King v. Barnes,* 113 N.Y. 476, 21 N.E. 182 (1889). Criminal contempt is, as the name implies, a crime. *Gompers v. Buck's Stove and Range,* 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911).

 Criminal cases and proceedings by governmental agencies to enforce police and regulatory powers are exempted from the automatic stay. 11 U.S.C. § 362(b)(1), (4). This exemption includes proceedings to punish a debtor for criminal contempt. *Skripek v. Skripek,* N.Y.L.J., Mar. 27, 1996, at 36, (Sup.Ct.Orange Cty.1996), N.O.R.); *In re Campbell,* 185 B.R. 628 (Bankr.S.D.Fla.1995); *In re Kearns,* 168 B.R. 423 (D.Kan.1994).

## LEGAL FEES

 The Court of Appeals, reasoning that "[a]n award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary under law," found that an award of legal fees could be in the nature of support. *In re Spong,* 661 F.2d 6, 9 (2d Cir.1981). Although that case had strong economic overtones, courts have relied on it to find fees nondischargeable in cases where support is not otherwise in issue. *In re Peters,* 964 F.2d 166 (2d Cir.1992). *See also In re Miller,* 55 F.3d 1487 (10th Cir.1995), *cert. denied, sub nom. Miller v. Gentry,* —— U.S. ——, 116

S.Ct. 305, 133 L.Ed.2d 210 (1995); *In re Joseph,* 16 F.3d 86 (5th Cir.1994)); *In re Jones,* 9 F.3d 878 (10th Cir.1993); *In re Constantine,* 183 B.R. 335 (Bankr.D.Mass. 1995). Court costs may also be nondischargeable, even where the creditor/dependent is unsuccessful in winning a support award. *In re Grady,* 180 B.R. 461 (Bankr. E.D.Va.1995); *In re Ewing,* 180 B.R. 443 (Bankr.E.D.Va.1994).

 The rule is that the fees must constitute support but need not be incurred in litigating for support. *In re Rosenblatt,* 176 B.R. 76 (Bankr.S.D.Fla.1994); *In re Schwartz,* 53 B.R. 407 (Bankr.S.D.N.Y.1985). Nor, when suing for support, must the creditor have been successful. *In re Ewing,* 180 B.R. 443 (Bankr.E.D.Va.1994). However, the mere fact that the fee was incurred litigating to obtain or enforce a support award is not, by itself, sufficient to make it nondischargeable. *In re Spong,* 661 F.2d 6 (2d Cir.1981).

Although, there is authority in other circuits holding that fee awards to an attorney, and not to the dependent, are dischargeable, *In re Townsend,* 177 B.R. 902 (Bankr. E.D.Mo.1995), the law in the Second Circuit, and the national trend, seems to be that fees, which otherwise qualify as support, payable to the attorney rather than the creditor/spouse, are not dischargeable. *In re Kline,* 65 F.3d 749 (8th Cir.1995); *In re Peters,* 964 F.2d 166 (2d Cir.1992); *In re Doe,* 193 B.R. 12 (Bankr.N.D.Cal.1996).

## DECISION

 A motion to punish the debtor for criminal contempt for the violation of an order of the New York Supreme Court is properly made to that court and is not within the ambit of the automatic stay. Similarly, Ms. Newman's efforts to collect support accruing after the filing of the bankruptcy petition, from postpetition assets, are unaffected by the stay.

 The debtor contests neither that the support and maintenance sections of the prepetition judgment are support obligations nor that they are nondischargeable. 11 U.S.C.

523(a)(5)(B). As to that debt, the stay is lifted to the extent of permitting collection from postpetition assets and wages.

Although it is contained in the same document, the prepetition judgment provides for a separate judgment, in favor of Polstein, Ferrara & Dwyer, P.C., for legal fees in the amount of $3,850. Debtor argues, with considerable weight, that the legal fees judgment is dischargeable and should remain subject to the stay. He is correct. Indeed, Polstein, Ferrara & Dwyer, P.C. does not even allege a prima facie case for nondischargeability. As to that debt, the stay remains in place.

Settle order.