**In re Brian MALONEY, Debtor.**

**Bankruptcy No. 196–22241–575.**

United States Bankruptcy Court,
E.D. New York.

Dec. 30, 1996.

Corash & Hollender, P.C. by Paul Hollender, Staten Island, NY, for Debtor.

Behrins & Behrins, P.C. by Bruce G. Behrins, Staten Island, NY, for Rita Maloney.

## MEMORANDUM OPINION

LAURA TAYLOR SWAIN, Bankruptcy Judge.

Brian Maloney ("Debtor") has moved by order to show cause for, among other things, a determination that the automatic stay arising under 11 U.S.C. § 362(a) in this Chapter 7 case operates to preclude his continued incarceration pursuant to a state court order. Specifically, the Debtor seeks relief from a commitment order issued by the Supreme Court of the State of New York, Richmond County (the "State Court"), based upon a finding that Debtor had failed to comply with the terms of a prior State Court contempt order requiring, among other things, Debtor's payment of certain amounts to his former wife as an equitable distribution of marital property. The commitment order, entered on December 16, 1996, provides that Debtor shall be held for a term of ninety days commencing on that same date.

The Court heard argument on Debtor's motion on December 24, 1996 and, having considered thoroughly the parties' documentary and oral submissions, hereby makes its findings and conclusions. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334.

### Background

The following facts are undisputed. Debtor, who is a physician, and his former wife, Rita Maloney ("Mrs. Maloney"), were married in 1969. They have two children, have lived apart since 1980, and were divorced in 1986 following protracted litigation. In connection with the parties' divorce and equitable distribution proceedings, the State Court found that the Debtor's medical license was marital property for the purposes of equitable distribution and determined that Mrs. Maloney was entitled to 35% of the value of the Debtor's medical license. The State Court entered a judgment requiring Debtor

to, among other things, make payments to Mrs. Maloney totaling approximately $680,-000 over a period of ten years. Debtor unsuccessfully appealed the judgment; the parties have been engaged in litigation over this financial obligation ever since.

On September 17, 1990, the State Court entered an amendment to its original order and judgment, upon a stipulation of the parties, restructuring Debtor's payment obligations in respect of the equitable distribution award. Debtor defaulted on the payments, and Mrs. Maloney commenced contempt proceedings in 1994, which led to the State Court's entry of a consent order on February 7, 1995 (1) finding Debtor in wilful contempt of that court's September 17, 1990 order and judgment, (2) providing that Debtor could purge himself of that contempt by complying with a further restructured payment schedule in respect of the equitable distribution award and maintaining certain insurance until the award is paid in full, and (3) providing that, in the event of Debtor's failure to purge himself as described above, application could be made for a warrant of arrest directing the sheriff "to seize and arrest [Debtor] forthwith, and to bring him before this court to be committed or for such further disposition as the court shall direct."

Debtor continued to default on his payment obligations. An arrest warrant issued upon Mrs. Maloney's application and further contempt proceedings were held beginning in the late summer of 1996. The State Court found that Debtor had failed to purge himself of his previously established contempt by complying with its February 7, 1995 order, and entered the commitment order now at issue, on December 16, 1996. Debtor has been incarcerated since that date and is currently in the Bronx House of Detention.

On December 19, 1996, Debtor, who is employed as a physician by the New York City Fire Department and also maintains a private practice on Staten Island, filed a petition for relief under Chapter 7 of the Bankruptcy Code. Debtor presented the instant order to show cause to this Court on December 20, 1996.

Debtor argues that his incarceration, arising as it does from protracted proceedings directed at the collection of a pre-petition obligation, violates the automatic stay. For the following reasons, the Court holds that it does not and, accordingly, denies Debtor's motion in its entirety.

### Discussion

■ As a preliminary matter, the Court notes that it is concerned solely with the applicability of the provisions of the 11 U.S.C. section 362 automatic stay to the State Court's commitment order entered on December 16, 1996 (the "December 16 Order"). The parties have been engaged in acrimonious litigation over their familial and economic relationships for more than a decade and, not surprisingly, bring with them strong views as to the equities of their relative positions on family law issues and the merits of the State Court's decisions. The merits of those decisions are not, however, subject to review here. The Court presumes for purposes of this analysis the validity under New York State law of the December 16 Order. The fundamental question before this Court at this time is whether the continued execution of the December 16 Order is stayed by section 362(a) of the Bankruptcy Code in light of Debtor's Chapter 7 filing.

### The Automatic Stay

Section 362(a) of the Bankruptcy Code provides, in pertinent part, as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial ... action or proceeding against the debtor that was ... commenced before the commencement of the [bankruptcy] case ... or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case ...; [and]

(2) the enforcement, against the debtor ..., of a judgment obtained before the commencement of the [bankruptcy] case ...; and

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case . . .

11 U.S.C. § 362(a).

Section 362(b) of the Bankruptcy Code, provides, in pertinent part, that:

(b) The filing of a petition under section 301 . . . of this title . . . does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor; . . . [or]

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power . . . .

11 U.S.C. § 362(b).

■■■ The filing of a petition in bankruptcy thus stays the commencement or continuation of all state or federal litigation against the debtor based on claims or causes of action which arose prior to the filing of the bankruptcy petition, and the enforcement of judgments arising from such claims, other than those proceedings that are specifically excepted by statute. *In re Newman*, 196 B.R. 700, 703 (Bankr.S.D.N.Y.1996). The imposition of the automatic stay protects the estate for the benefit of creditors and promotes the orderly disposition of the property of the estate. *See Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir.1992), *cert. denied*, 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992); *In re Rook*, 102 B.R. 490, 492 (Bankr. E.D.Va.1989), *aff'd*, 929 F.2d 694 (4th Cir. 1991).

*Contempt Proceedings*

■■■ It is well-established that New York State recognizes two types of judicial contempt orders—civil and criminal. N.Y. Judiciary Law, §§ 750, 753 (McKinney 1975 and Supp.1996); *In re Newman*, 196 B.R. 700, 703 and cases cited therein. Civil contempt serves to vindicate the private rights of a party to litigation. The penalty assessed against a party under a civil contempt order compensates the other party to the litigation or operates to coerce compliance with a court order for the other party's benefit. *In re Newman*, 196 B.R. at 703. An order which by its terms permits the debtor to avoid punishment by complying with the court's directive is a civil contempt order. *In re Moon*, 201 B.R. 79, 84 (Bankr.S.D.N.Y.1996). Criminal contempt orders, on the other hand, serve to sanction offenses against public justice and to compel respect for court orders, rather than to enforce the rights of a party. *In re Newman*, 196 B.R. at 704 and cases cited therein.

■■■ Courts determine whether a contempt order is civil or criminal not by how the order is denominated (if, indeed, the issuing court even labels the order as civil or criminal), but, rather, by examining the provisions of the order itself and its surrounding circumstances. *See, e.g., In re Rook*, 102 B.R. at 493–494. A contempt order that permits the contemnor to mitigate or avoid punishment by taking action consistent with the vindication of the rights of another party to the litigation is considered a civil contempt order. A contempt order that, on the other hand, incarcerates a party for a definite period of time or imposes another penalty, without any provision for purge of the contempt, does not serve to redress a private right and is considered a criminal contempt order. *In re Moon*, 201 B.R. 79, 85.

■■■ Courts consistently have held that civil contempt orders fall within the scope of the automatic stay under section 362(a) of the Bankruptcy Code, but that criminal contempt orders do not. *See, e.g., In re Moon*, 201 B.R. at 85–86 and cases cited therein; *In re Rook*, 102 B.R. at 493–494 and cases cited therein; *Scully v. Iowa District Court for Polk County*, 489 N.W.2d 389, 392–393 (Iowa 1992) and cases cited therein. Criminal contempt orders, which are purely punitive, are outside the scope of the automatic stay whose purpose is to protect the estate for the benefit of creditors and promote the estate's orderly disposition. *Scully*, 489 N.W.2d at 393 and cases cited therein.

■■■ If the December 16 Order constitutes, or operates as, a proceeding or device

to recover Mrs. Maloney's pre-existing claim or judgments against Debtor, it is stayed under section 362(a). If, on the other hand, it does not have such purpose, or if it comes within one of the section 362(b) exceptions, it is not subject to the stay.

*The December 16 Order*

The December 16 Order provides, in pertinent part, as follows:

> ORDERED, the above named ... BRIAN MALONEY, be and hereby is committed to the custody of the Sheriff of Richmond County for delivery to the New York City Department of Corrections to be held for a term of ninety days commencing December 16, 1996 unless sooner discharged according to law; and it is further

> ORDERED that the above named ... BRIAN MALONEY, be produced by the Department of Corrections before the Justice of the Supreme Court IAS Part VII, Richmond County, on January 6th, 1997, for review of this Order.

The December 16 Order unequivocally sentences the Debtor to incarceration for 90 days. Although it provides for further State Court review, it does not by its terms require or permit Debtor to take any action in respect of Mrs. Maloney's pre-petition claims that would affect the nature or duration of his confinement. Debtor's satisfaction of his pre-petition obligations under the State Court's prior orders will not secure his early release unless the State Court chooses to vacate or modify the December 16 Order. Moreover, the transcript of the proceedings before the State Court makes clear that the court ordered the Debtor's incarceration to compel respect for that court's orders rather than to secure the payment of Debtor's pre-petition obligations:[1]

> The Court: —you have not purged yourself pursuant to your own agreement to purge yourself. You set the schedule, you set the amount.

> I have no choice. I cannot allow court orders to be disregarded in this manner, otherwise the court has no teeth. People will have complete disrespect for the court. They feel when they get an order they're powerless to enforce it.

> What you have done is a violation of the entire judicial process and the court itself. Do you understand that?

> Mr. Maloney: I understand.

> The Court: The court can't allow people to disregard orders.

Transcript of proceedings before the Hon. Louis J. Marrero, Supreme Court of the State of New York, Richmond County, Civil Term, Part IAS–7, December 16, 1996, in *Maloney v. Maloney*, Index No. 5999/84, at 7–8.

The December 16 Order thus is clearly criminal in nature. Nothing in the December 16 Order implicates any claim against the Debtor by Mrs. Maloney. It simply punishes Debtor for disregarding the State Court's prior order. Accordingly, the December 16 Order is not subject to the automatic stay provisions of section 362(a).

Even if it were construed as a continuation of the pre-petition litigation between the Maloneys or of the pre-petition contempt proceedings arising from the violation of the February 7, 1995 order and thus to be within the literal scope of section 362(a), the December 16 Order would fall within the scope of the automatic stay exceptions under section 362(b) because it clearly serves to punish the Debtor for disregarding the State Court order entered February 7, 1995. It was issued to protect the dignity and the power of the State Court to regulate proceedings before that court. *See* 11 U.S.C. § 362(b)(1), (4); *In re Campbell*, 185 B.R. 628, 631 (Bankr. S.D.Fla.1995); *In re Rook*, 102 B.R. at 495.

Debtor, arguing that his incarceration pursuant to the December 16 Order is subject to the stay because that order was entered in the context of proceedings that were commenced by Mrs. Maloney for the purpose of compelling Debtor's satisfaction of the financial obligations imposed in the earlier State

---

1. Indeed, Debtor's incarceration may ultimately make it more difficult for Mrs. Maloney to collect on her judgment if, as Debtor argues, he lacked the resources to pay prior to his incarceration and the period of incarceration will "decimate" his private practice by forcing his patients to seek treatment elsewhere.

Court proceedings, would have this Court disregard the punitive, non-coercive character of the order. Because Debtor was held in contempt for non-compliance with an order requiring him, *inter alia,* to pay certain sums to Mrs. Maloney in respect of her pre-petition claim, Debtor argues, the December 16 Order must be stayed regardless of whether Debtor's compliance with its provisions would affect Debtor's pre-petition financial obligations. Debtor's argument is unpersuasive because it ignores both the purpose of section 362(a) and the well-established distinctions between civil and criminal contempt orders.

Accordingly, Debtor's motion is DENIED in its entirety. The Court will enter an order consistent with this opinion.