**In re David Theodore GLABB, Debtor.**

**Pamila Glabb Gunther, Plaintiff,**

v.

**David Theodore Glabb, Defendant.**

**Bankruptcy No. 00–28589–BM.
Motion No. 00–5903M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

March 5, 2001.

Constance Y. McKeever, Pittsburgh, PA, for plaintiff.

William Cunningham, Burdelski & Cunningham, Pittsburgh, PA, for debtor/defendant.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Pamela Gunther, debtor's former wife, seeks a determination that she will not violate the automatic stay by prosecuting a motion pending in state court to have debtor held in contempt of court for not paying a portion of the legal fees she incurred in

their bitter marital dispute. According to Gunther, debtor's obligation is in the nature of support for her and their children and is excepted from discharge. The pending contempt proceeding is not subject to the automatic stay, Gunther asserts, because by prosecuting the motion she effectively seeks to collect support from property that is not part of debtor's bankruptcy estate.

Debtor resolutely insists that the contempt proceeding is not excluded from the scope of the automatic stay and insists that Gunther would violate it by pursuing the pending contempt proceeding.

We conclude, for reasons set forth below, that debtor's obligation to pay the legal fees is in the nature of support for purposes of § 523(a)(5) of the Bankruptcy Code and that Gunther would not violate the automatic stay by further pursuing her contempt motion in state court.

—FACTS—

Debtor and Gunther were married in 1988. They have three minor children as a result of their marriage.

Theirs, unfortunately, was a stormy marriage. They separated at least three times before becoming divorced. On each of these occasions debtor was ordered by a state court to provide support for Gunther and their children. The record does not indicate when they were divorced.

Gunther was represented by legal counsel throughout the court proceedings brought about by their marital discord. The legal fees Gunther incurred for all of the legal services provided by her counsel totaled some $9,700.00. Approximately $3,500.00 of this amount was incurred for legal services provided in connection with Gunther's request for support for herself and their children.

On February 23, 2000, debtor and Gunther entered into a consent order in connection with their marital dispute. Among other things, debtor agreed to pay the sum of $2,500.00 to Gunther's attorney in the above proceedings by no later than September 30, 2000. The trial judge hearing the matter approved the consent order that same day.

When debtor did not pay the agreed-upon legal fees by the prescribed deadline, Gunther brought a motion in state court on October 13, 2000. She requested that the consent order be enforced and that debtor be held in contempt of court for failing to comply with the consent order. A hearing on her motion was scheduled for November 29, 2000.

Before the motion could be heard, debtor filed a voluntary chapter 7 petition on November 1, 2000. A chapter 7 trustee was appointed shortly thereafter.

Our review of the bankruptcy schedules indicates that debtor seeks to discharge his obligation to pay the above legal fees Gunther owed to her counsel, who is listed as having an undisputed general unsecured claim in the amount of $3,000.00. He does not, however, list any outstanding obligation for support owed to Gunther and/or their children. Gunther evidently does not contend that such support obligations are dischargeable, perhaps because he recognizes that they are excepted from discharge by § 523(a)(5) of the Bankruptcy Code.

Gunther brought the present motion in this court on November 15, 2000. She seeks a determination that debtor's obligation with respect to the above legal fees is in the nature of support and is excepted from discharge and that prosecuting her contempt motion in state court would not violate the automatic stay.

After conducting the § 341 meeting of creditors, the chapter 7 trustee reported that this was a no-asset case and that no estate property was available for distribution to creditors over and above what debtor had exempted.

An evidentiary hearing on Gunther's motion and debtor's opposition thereto was conducted on January 11, 2001. Both sides were given an opportunity at that time to present evidence on the issues raised by the motion.

## —DISCUSSION—

### I.) Is Debtor's Obligation To Pay Legal Fees In The Nature Of Support And Excepted From Discharge?

Apart from insisting that he is not able to pay the above counsel fees owed by Gunther to her attorney, debtor has not articulated any cognizable basis for opposing the relief sought by Gunther. Debtor does not, for instance, deny that his underlying support obligation to Gunther and/or their children is excepted from discharge by § 523(a)(5) of the Bankruptcy Code.

Gunther, we have noted, owed approximately $9,700.00 to her counsel for representing her in state court, where she and debtor aired their marital grievances. Uncontroverted testimony established that, of this amount, approximately $3,500.00 was for legal services Gunther's attorney provided in litigating Gunther's various requests in state court for support for herself and their children.

Viewing the record as a whole, we conclude that the obligation debtor voluntarily incurred when he agreed in the above consent order to pay the sum of $2,500.00 to Gunther's attorney was specifically for legal services the attorney provided in connection with Gunther's various requests for support for herself and their children. As such, this obligation also is excepted from discharge. A debtor's obligation to pay legal fees incurred by a former spouse in litigating a debtor's support obligation is also excepted from discharge by § 523(a)(5). *In re Taylor*, 252 B.R. 346, 353–53 (Bankr.E.D.Va.1999); *In re Crawford*, 236 B.R. 673, 678 (Bankr. E.D.Ark.1999); *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9–11 (2d Cir.1981).[1]

The fact that debtor's obligation to pay these legal fees is owed directly to Gunther's counsel instead of to Gunther is not significant in this regard. It does not preclude a determination that debtor's obligation is in the nature of support of a former spouse and/or debtor's children and therefore is excepted from discharge by § 523(a)(5). *Rosenman v. Jarrell (In re Jarrell)*, 251 B.R. 448, 451 (Bankr.S.D.N.Y. 2000); *Ackerman v. Ackerman (In re Ackerman)*, 247 B.R. 336, 339 (Bankr.M.D.Fla. 2000).

### II.) Would A Contempt Hearing Violate The Automatic Stay?

It would not, we conclude, violate the automatic stay for Gunther to pursue her motion in state court to have debtor held in contempt of court for not abiding by the

---

1. We are mindful of the analysis set forth in *Gianakas v. Gianakas (In re Gianakas)*, 917 F.2d 759 (3d Cir.1990), for determining whether an obligation qualifies as support and therefore is excepted from discharge by § 523(a)(5). We are not convinced, that the analysis set forth in *Gianakas* must be applied when determining whether a debtor's *ancil-* *lary* obligation to pay legal fees incurred by a former spouse who litigated the issue of support also falls under § 523(a)(5). Even if *Gianakas* does apply, however, the result of the present matter would be the same. We would conclude that debtor's obligation to pay these legal fees also was in the nature of support for purposes of § 523(a)(5).

agreement to pay a portion of her legal fees or to enforce his agreement to do so.

▮ The automatic stay provision of the Bankruptcy Code is very broad in its scope. Exceptions to it must be strictly construed to further the purposes of the automatic stay. *In re Baldwin Builders*, 232 B.R. 406, 412 (9th Cir. BAP 1999). One of these purposes is to protect a debtor from having to convince a non-bankruptcy court that a matter before it involving a debtor in bankruptcy should not go forward. *Weisberg v. Franklin, Weinrib, Rudell & Vassallo (In re Weisberg)*, 218 B.R. 740, 752 (Bankr.E.D.Pa.1998).

The automatic stay prohibits, among other things, the commencement or continuation of a judicial action or proceeding against the debtor to recover a pre-petition claim against the debtor. 11 U.S.C. § 362(a)(1). It also prohibits an action or proceeding to enforce a pre-petition judgment against the debtor or against property of the debtor. 11 U.S.C. § 362(a)(2).

Certain actions and proceedings are excepted from the automatic stay, however, and are not affected by it. It does not, for instance, apply to the commencement or continuation of an action or proceeding to collect support from property that is not property of the bankruptcy estate. 11 U.S.C. § 362(b)(2)(B).

This latter provision does not apply to every action or proceeding involving support of a former spouse or child of the debtor. *Carver v. Carver*, 954 F.2d 1573, 1576–77 (11th Cir.1992). By its express terms, § 362(b)(2)(B) applies to actions or proceedings to collect a pre-petition support obligation from property that is property of the bankruptcy estate. It does not, for instance, apply to an action or proceeding to modify, as opposed to collect, a pre-petition support obligation. *Stringer v. Huet (In re Stringer)*, 847 F.2d 549, 552 (9th Cir.1988). Actions or proceedings

seeking legal fees or other obligations that are not in the nature of alimony, support or maintenance also remain subject to the automatic stay, unless the bankruptcy court grants relief from it. *In re Campbell*, 185 B.R. 628, 630 (Bankr.S.D.Fla. 1995).

▮ We should examine the totality of the circumstances of a case to determine whether a specific contempt proceeding is excepted from the automatic stay. *Rook v. Rook*, 102 B.R. 490, 494 (Bankr.E.D.Va. 1989), *aff'd*, 929 F.2d 694 (4th Cir.1991).

▮ Our examination of the totality of the circumstances presented in this case leads us to conclude that the pending contempt proceeding against debtor in state court lies within the scope of § 362(b)(2)(B). Although she seeks a determination that debtor is in contempt of court for not abiding by the consent order of February 23, 2000, Gunther also seeks to enforce. Gunther seeks, in other words, to collect on debtor's obligation to pay $2,500.00 of the legal fees she owes to her attorney. We previously determined that the obligation is in the nature of support for purposes of § 523(a)(5).

▮ Moreover, Gunther does not seek to collect payment from debtor's bankruptcy estate. No property of the bankruptcy estate is available for distribution to creditors. The chapter 7 trustee, we previously noted, has reported that this is a no-asset case. Those assets that debtor has exempted have passed out of his bankruptcy estate. *Matter of Yonikus*, 996 F.2d 866, 870 (7th Cir.1993). She instead seeks to satisfy her claim by attaching salary that debtor has earned subsequent to the filing of his chapter 7 petition. Salary that is earned subsequent to the filing of the bankruptcy petition is not part of the bankruptcy estate in a chapter 7 proceed-

ing. *M.H. Clark v. First City Bank,* 891 F.2d 111, 115 (5th Cir.1989); *Matter of Hellums,* 772 F.2d 379, 381 (7th Cir.1985).

In light of the foregoing, we conclude that debtor's obligation to pay $2,500.00 of the legal fees incurred by his former wife is in the nature of support and, consequently, is excluded from discharge by § 523(a)(5) of the Bankruptcy Code. Moreover, she will not violate the automatic stay by proceeding in state court with her motion to have debtor held in contempt of court or to enforce his obligation to pay the legal fees.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW,** this **5th** day of **March,** 2001, in accordance with the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that debtor's obligation to pay the sum of $2,500.00 to the attorney of Pamela Gunther, debtor's former wife, is **IN THE NATURE OF SUPPORT** and is **EXCEPTED FROM DISCHARGE** by 11 U.S.C. § 523(a)(5). Prosecution by Gunther of her motion, now pending in state court, to have debtor held in contempt of court or to enforce debtor's obligation to pay said sum is **EXCEPTED FROM THE AUTOMATIC STAY** by virtue of 11 U.S.C. 362(b)(2)(B).

It is **SO ORDERED.**