*212 OPINION OF THE COURT
William J. Giacomo, J.
In the instant matter, plaintiff moves by order to show cause to hold defendant in contempt on account of his failure to abide by certain directives contained in this court’s November 7, 2007 pendente lite order. More specifically, the plaintiff complains that the defendant has failed to:
• pay the mortgage, equity loan, taxes, insurance and other carrying costs of the marital home;[1]
• provide the plaintiff with a key to the marital home;[2]
• pay insurance on the plaintiffs car; and
• provide plaintiff with half of the 2007 tax refund.[3]
On the eve of the contempt hearing, April 7, 2008, defendant filed for bankruptcy protection pursuant to chapter 7 of the United States Bankruptcy Code (11 USC).
Thereafter, at their appearances on April 8, 2008, counsel for both parties were directed to make submissions to the court addressing whether or not the contempt hearing was stayed due to the bankruptcy filing. The court has received and reviewed the memorandum submitted by defendant’s counsel and the letter submission, with attached decisional case law, submitted by plaintiffs counsel.
After a review of these submissions the court holds that the instant contempt proceeding is stayed.
Discussion
Pursuant to the provisions of the United States Bankruptcy Code (11 USC §§ 101-1330), a bankruptcy filing does not stay a matrimonial action in general, but it does stay a court’s ability to distribute the marital estate without the permission of the bankruptcy court.[4] *213 (See 11 USC § 362 [b] [2] [A] [iv].)[5]
The immediate question presented here is whether the contempt proceeding at issue in this case is stayed. Without question, criminal contempt actions are specifically exempted from the application of the automatic stay. (11 USC § 362 [b] [1]; see also In re Maloney, 204 BR 671 [ED NY 1996] [commitment order that is criminal in nature, as it was designed to punish debtor for disregarding state court’s prior order, does not implicate the automatic stay].) Nonetheless, and notwithstanding the cases cited by plaintiff, the instant contempt proceeding is in the nature of a civil contempt, not a criminal contempt.
The fact that a contemnor faces incarceration does not in and of itself make the instant application a criminal contempt proceeding. Both civil and criminal contempt proceedings afford the court the power to incarcerate a contemnor[6] and are based on a clear violation of an unequivocal, lawful court order. (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233 [1987].)
What makes a contempt proceeding civil rather than criminal in nature is what or whose authority or rights will be vindicated by the contempt adjudication. Civil contempt has as its main aim vindication of the private right of a party to litigation and any penalty assessed is to compensate that party or to coerce compliance with a court order for that party’s benefit. The penalty in a civil contempt proceeding is not to punish or deter, but to compensate. (Matter of Barclays Bank v Hughes, 306 AD2d 406 [2d Dept 2003].) In contrast, the purpose of a criminal contempt is to punish an offense against judicial authority and to protect the integrity of the judicial process and respect for its mandates. (Skripek v Skripek, 239 AD2d 488 [2d Dept 1997].)
*214 In the instant proceeding, vindication of the plaintiffs rights, via the payment of arrears, is what plaintiff primarily seeks. Furthermore, any finding of contempt may be purged by payment of those arrears. Simply, the defendant shall not face incarceration absent his failure to purge his contempt via payment of the mortgage, equity loan, taxes, insurance and other carrying costs of the marital home as well as the payment of insurance premiums relating to the plaintiffs car.
Accordingly, this court holds that the instant matter constitutes a civil contempt proceeding. Although this court has the inherent power to enforce its orders through civil contempt, actions for civil contempt are considered private collection devices and are within the ambit of the automatic stay. (In re Newman, supra.)
On account of the foregoing, the instant motion to hold defendant in contempt of court is stayed.[7] Nonetheless, the parties shall proceed with discovery and prepare this matter for trial.

. The home is solely occupied by the defendant as the plaintiff and the parties’ minor child have relocated.

. It is represented to the court that this mandate has been complied with and the issue is therefore moot.

. It is represented to the court that this mandate has been complied with and the issue is therefore moot.

. To date, this court has not been afforded the opportunity to examine the petition or schedules of the defendant/debtor and is unaware as to whether or not the marital home is listed as an asset of the bankruptcy estate or whether the instant litigation is listed. If the marital home is the defendant/ *213 debtor’s property it will become property of the bankruptcy estate and may be administered by the chapter 7 bankruptcy trustee.

. Certain types of actions customarily found within a matrimonial proceeding are exempt from the automatic stay. “Among them are actions or proceedings to establish or modify an order for support and to collect support from property which is not part of a debtor’s estate.” (In re Newman, 196 BR 700, 703 [SD NY 1996], citing 11 USC § 362 [b] [2] [A], [B].)

. Judiciary Law § 774 permits this court in a civil contempt proceeding to imprison a contemnor until compliance is effectuated.

. In a chapter 7 case, such as the one filed by the defendant herein, the debtor retains control over his postbankruptcy petition wages/earnings. (See In re Newman, supra.) While the instant contempt proceeding is stayed, as set forth above, the collection of alimony, maintenance or support is permitted from property that is not property of the bankruptcy estate. (11 USC § 362 [b] [2] [B].) The instant application does not seek such payment.