LAND–O–SUN DAIRIES, INC., Appellant,

v.

**PINE STATE CREAMERY COMPANY, Appellee.**

No. 5:96–CV–170–BO.

United States District Court,
E.D. North Carolina,
Western Division.

Sept. 3, 1996.

Robert E. Fields, III, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, Bonnie Kay Donahue, Rory D. Whelehan, Womble, Carlyle, Sandridge & Rice, Winston–Salem, NC, for Appellant.

David Warren Boone, Burns, Day & Presnell, Raleigh, NC, Amos U. Priester, IV, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, for Appellee.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This case is before the Court on appeal from an order entered by the United States Bankruptcy Court for the Eastern District of North Carolina on December 7, 1995. The Bankruptcy Court's order granted a Motion to Approve Sale of Assets. This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and Rule 8001 of the Federal Rules of Bankruptcy Procedure. The order of the Bankruptcy Court is AFFIRMED.

### Statement of the Case

Pine State Creamery Company, (hereinafter "Pine State"), in an effort to extract itself from bankruptcy decided to sell most of its operating assets. On November 1, 1995, Pine State entered into a contract of sale with Land–O–Sun, (hereinafter "LOS"). The purchase price was $3,000,000.00. The contract required as a condition precedent that the sale be approved by the Bankruptcy Court.

On December 6, 1995, the Bankruptcy Court held a hearing on the Motion to Approve the Sale of Assets. The Bankruptcy Court heard from five objecting parties: Unsecured Creditors Committee, United Carolina Bank, Peoples Security Life Insurance Company, Carolina Virginia Milk Producers, and Non–Employee Security Plan Participants. LOS was represented at the hearing by counsel and did not object to this motion. LOS made clear the purpose of its appearance to the Bankruptcy Court several times at the hearing. LOS stated:

> My client has asked me to come here as a courtesy to the Court and to the debtor and to the creditors to advise them of Land–O–Sun's position and the reasons for Land–O–Sun's position. We are not here to interject ourselves into this proceeding. We are here solely for the purpose of advising the Court and the creditors and the debtor of what our position is with respect to this matter and why we are not in a position to close this transaction.

(Transcript of December 6, 1995 hearing, page 6).

LOS indicated it was not then in a position to close the transaction due to what it considered to be a "material adverse change" in Pine State's business. (Transcript of December 6, 1995 hearing, page 8). LOS detailed its concerns regarding Pine State's financials; however, LOS never objected to the Bankruptcy Court granting the Motion to Approve Sale of Assets. LOS appeals the Bankruptcy Court's order.

### Discussion

On appeal, LOS now comes forward with a number of objections to the Motion to Approve the Sale of Assets. Before assessing these objections, this Court must first address whether LOS has standing and whether LOS has properly preserved these objections for appeal.

■ "Standing represents a jurisdictional requirement which is open to review at all stages of the litigation." *National Organization For Women, Inc. v. Scheidler*, 510 U.S. 249, 255, 114 S.Ct. 798, 802, 127 L.Ed.2d 99 (1994). Appellate standing in a bankruptcy proceeding is limited to those "persons aggrieved" by an order. This language was derived from section 39(c) of the Bankruptcy Act of 1898, 11 U.S.C. § 67(c) (1976) (repealed 1978). Although this language was repealed, the courts have maintained it as a prudential standard allowing only those who have been directly and adversely affected pecuniarily to appeal bankruptcy court orders. *In re Fondiller*, 707 F.2d 441, 443 (9th Cir.1983).

■ A standard which requires only that a person be "aggrieved" to have standing seems quite broad. However, since bankruptcy proceedings "typically involve a myriad of parties indirectly affected be every bankruptcy court order, the need to limit collateral appeals is particularly acute." *Travelers Insurance Co. v. H.K. Porter Co., Inc.*, 45 F.3d 737, 741 (3rd Cir.1995) (citations omitted). Thus, "the standing requirement

in bankruptcy appeals is more restrictive than the case or controversy standing requirement of Article III, which need not be financial and need only be fairly traceable to the alleged illegal action." *Id.*

■■■ A person is "aggrieved" for standing purposes if the order diminishes his property, increases his burdens, or impairs his rights. *In re Fondiller,* 707 F.2d at 442. In the instant case, LOS argues that it has standing because the order of the Bankruptcy Court has pecuniarily affected LOS. The order approving the sale of Pine State's assets to LOS was a condition precedent to LOS's agreement to purchase Pine State's assets. Since the sale has been approved by the Bankruptcy Court, if LOS does not wish to go forward, LOS must now defend Pine State's breach of contract claim.

The likelihood of becoming a defendant in a related claim does not confer standing to contest an order of the Bankruptcy Court. This rule was aptly stated by the Ninth Circuit in *In re Snyder:* "The appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, and it is not sufficient that he is interested in the question litigated, or that by the determination of the question litigated, he may be a party in interest to some other suit, growing out of that decision." 4 F.2d 627 (9th Cir.1925).

Several more recent cases further serve to illustrate this point. The Ninth Circuit, in *In re Fondiller,* held that the debtor's wife could not appeal an order of the Bankruptcy Court appointing special counsel, even though the job of the special counsel would be to sue the wife. The court said the wife's "only demonstrable interest in the order is as a potential party defendant in an adversary proceeding. As such she is not a 'person aggrieved' [by the order]. The order did not diminish her property, increase her burdens, or detrimentally affect her rights." 707 F.2d at 443.

The First Circuit, in *In re El San Juan Hotel,* held an order of the Bankruptcy Court granting the United States leave to sue a former trustee on behalf of the estate was not appealable by the former trustee. The court said "the bankruptcy court order did not diminish [the trustee's] property, increase his burdens, or detrimentally affect his rights. The former trustee does have an interest in defending himself against liability, but the order in question does not prevent [him] from doing just that, or from asserting any claim or defense he may have." 809 F.2d 151, 155 (1st Cir.1987).

The Third Circuit, in *Travelers Insurance Co. v. H.K. Porter Co., Inc.,* held a debtor-asbestos manufacturer's insurer lacked standing to contest a bankruptcy court's order reinstating asbestos-related claims against the debtor. The court said "a bankruptcy court order which simply permits a claim to be lodged or a lawsuit to go forward without passing on the merits does not necessarily aggrieve the potential defendant." 45 F.3d at 743.

The Bankruptcy Court order at issue in the present case is analogous to the above cases in that the motivation of the party appealing is a desire to short circuit future claims it may have to defend against. If the Bankruptcy Court's approval of the sale of Pine State's assets to LOS were reversed by this Court, the condition precedent to LOS performance would not be fulfilled. As a result, Pine State would not have a valid claim against LOS for breach of contract. Since the Bankruptcy Court's order burdens LOS to the extent that LOS may now be a defendant to Pine State's breach of contract claim, LOS is not a "person aggrieved" for standing purposes.

Although whether or not a litigant is a "person aggrieved" is a question of fact, this Court believes the record to be sufficiently developed not to require remand for further factual findings. Furthermore, if LOS had standing to object to the Bankruptcy Court approving the sale, these objections should have been raised at the December 6, 1995 hearing. Failure to raise these objections in the Bankruptcy Court is "fatal on appeal." *In re Arnold,* 869 F.2d 240, 244 (4th Cir. 1989). Only in the "most exceptional of circumstances" may arguments not presented to the court be raised on appeal. *Matter of Kroner,* 953 F.2d 317, 319 (7th Cir.1992).

LOS appeared and made itself heard at the December 6, 1995 Bankruptcy Court hearing. Other than stating it would not go forward with purchasing Pine State's assets if the sale was approved, LOS made no objection. The transcript of the December 6, 1995 hearing reveal no exceptional circumstances which would have prevented LOS from presenting and arguing its objections. Indeed, the Bankruptcy Judge stated near the end of the hearing that he intended approve the sale. (Transcript of December 6, 1995 hearing, page 18). Subsequently, LOS still did not make any objection to the approval of the sale.

The order of the Bankruptcy Court is AFFIRMED.