In re Dana HUMINSKI, Debtor.

No. 99–11697–CAB.

United States Bankruptcy Court.
D. Vermont.

Aug. 14, 2000.

Peter Banse, Manchester, VT, for debtor.

Scott Huminski, Bennington, VT, pro se

Raymond J. Obuchowski, Bethel, VT, for Factory Point National Bank.

Jeffery White, Rutland, VT, for Town of Bennington.

Gleb Glinka, Cabot, VT, Chapter 7 Trustee.

**ORDER UPON DANA HUMINSKI, CHAPTER 7 DEBTOR, and SCOTT HUMINSKI'S *MOTION FOR CONTEMPT SANCTIONS—MOTION TO STAY* STATE FORECLOSURE PROCEEDING**

COLLEEN A. BROWN, Bankruptcy Judge.

UPON CONSIDERATION of the Motion for Contempt Sanctions—Mo-

tion to Stay filed by the Debtor, Dana Huminski, and the Debtor's spouse, Scott Huminski against Factory Point National Bank, such Motions having been served upon the Bank, and the matter having been noticed for hearing, and having come before the Court on August 8, 2000, the Debtor, Dana Huminski, not being present; Scott Huminski, present pro se; Factory Point National Bank being present through its counsel, Raymond J. Obuchowski, Esq.; Town of Bennington being present through its counsel, Jeffery White, Esq.; and Kevin Purcell, Esq., Assistant United States Trustee being present; and the Court having reviewed the Motions filed by the Huminskis and the Objections filed by the Bank and Town of Bennington, and having considered the arguments of the parties, and no other matter being brought before the Court, the Court finds:

1. The Court has jurisdiction over the Motions pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. 11 U.S.C. § 362(h) is for dramatic violations of the automatic stay provisions of § 362, and it should not be invoked lightly.

3. Findings of the Court are more specifically set forth in the record of the hearing which such findings are incorporated herein by reference.

4. The Court finds that no conduct violating the automatic stay provisions occurred by Factory Point National Bank as alleged by the Debtor and her spouse.

5. Scott Huminski has no standing to bring a Motion for Sanctions. See *In re Siskin*, 231 B.R. 514 (Bkrtcy. E.D.N.Y.1999).

6. As to Dana Huminski, the Court finds that no conduct violating the automatic stay provisions occurred by Factory Point National Bank as alleged by the Debtor.

7. If and when the Bank sought relief in the foreclosure, the relief sought was *in rem* relief as allowed by previous Order of this Court.

8. The Debtor's and her spouse's conduct borders on violating the requirements of Bankruptcy Rule 9011, the Debtor having previously sought similar relief in this proceeding, and the present Motion appearing to be filed solely for the purpose of delay.

**UPON THE FOREGOING IT IS HEREBY ORDERED**

A. The Motion for Contempt Sanctions—Motion to Stay filed by Scott Huminski is **DISMISSED** for lack of standing.

B. The Motion for Contempt Sanctions—Motion to Stay filed by the Debtor, Dana Huminski, is **DENIED**.