**In re James Bradford GOODMAN, Debtor.**

**James Bradford Goodman, Movant,**

v.

**Albany Realty Company, Defendant.**

**No. 01–11542–JDW.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

Oct. 15, 2001.

T. Lee Bishop, Jr., Albany, GA, for Debtor.

M. Jeremy Lynch, Albany, GA, for Albany Realty Co.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Debtor James Bradford Goodman's Motion for Contempt and Request for an Emergency Hearing. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Albany Realty Company ("Albany") filed a complaint against James Bradford Goodman ("Debtor") in the Dougherty County Superior Court on March 19, 1999, alleging damages arising out of a lease agreement between Albany and Debtor. Debtor failed to file a responsive pleading within the time required by law, and the superior court entered a default judgment for Albany. After a hearing to determine damages, the court awarded Albany damages of $6,856.61 and costs of $60. In an effort to collect the judgment, Albany served Debtor with post-judgment interrogatories on November 23, 1999. Albany received no response, and after additional efforts to elicit answers from Debtor, Albany filed a motion to compel discovery. Debtor failed to appear at a hearing on the motion, and the court granted Albany's motion on March 27, 2001. The court's order provided as follows:

1. [Debtor] is hereby ordered to serve full and complete answers to [Albany's] "post-judgment interrogatories to defendant" within fourteen (14) days of the entry of this order....

2. [Debtor] shall be deemed in willful violation of this court's order should he fail to serve [Albany's] counsel with full and complete answers to said interrogatories within the deadline set forth in this order. The sheriff of Dougherty County, Georgia will, by separate order, be authorized and directed to arrest and incarcerate James Goodman for a period of twenty (20) days in the event he is found to be in willful violation of the court's order.

3. [Debtor] is hereby ordered to pay to [Albany] the reasonable expenses incurred by [Albany] in obtaining this order, including attorney's fees.

Ex. D1, *Albany Realty Co. v. Goodman,* No. 99–CV–0615–3 (Super. Ct. Dougherty County March 27, 2001).

When Debtor failed to answer interrogatories as required by the March 27 order, Albany made a motion to impose sanctions, requesting that the court implement sanctions specified in the order. By way of granting the motion, the court on May 10, 2001, issued a warrant for Debtor's arrest that directed the Dougherty County Sheriff to arrest and incarcerate Debtor for twenty days, with the proviso that upon his arrest, the court would hold a contempt hearing and give Debtor the opportunity to purge himself of contempt by complying with the March 27 order, including the payment of $750 in attorney fees.

Debtor filed a bankruptcy petition under Chapter 7 on August 22, 2001, which invoked the automatic stay. Also on that date, Debtor's attorney contacted Albany's attorney in the state court case by telephone and by facsimile, informing Albany's counsel that he was required to take affirmative action to prevent enforcement of the May 10 warrant or face sanctions for violation of the automatic stay. During those communications, Debtor's counsel cited legal authority for his position and provided a copy of Debtor's bankruptcy petition. On August 23, 2001, upon learning that the warrant was still in effect, Debtor's attorney contacted Albany's attorney again, cautioned that he and Albany were in violation of the automatic stay by their inaction on the warrant, and urged him to have the warrant lifted.

This Court held a telephone conference with the attorneys for Debtor and for Albany on August 24, 2001, at which point Albany had not yet taken any action to halt enforcement of the warrant. During the conference, the Court instructed Albany's attorney to ensure that Debtor was not arrested under the May 10 warrant. Immediately thereafter, Albany's attorney contacted the superior court, and as a result Judge Willie E. Lockette wrote a letter to the Dougherty County Sheriff, directing him to lift the warrant.

On August 27, 2001, Debtor filed a motion for contempt and requested an emergency hearing with this Court. After a phone conference, the Court entered a written order providing for a preliminary injunction to prevent any attempts to serve or activate the May 10 arrest warrant. The Court held a hearing on this issue on September 17, 2001, and must now decide whether to issue a permanent injunction against service of the arrest warrant.

### Conclusions of Law

■ The automatic stay, which goes into effect upon the filing of a bankruptcy petition, serves as broad protection against interference with the bankruptcy estate. Among its effects is to bar "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(2). However, it does not apply to "the commencement or continuation of a criminal action or proceeding against the debtor." *Id.* § 362(b)(1). Therefore, the first step in this analysis is to determine whether the arrest warrant in this case was criminal or civil in nature.

■ The warrant in this case is in the nature of civil contempt. A contempt order that allows the debtor to purge himself of contempt, as the warrant here does, is civil in nature. *In re Maloney,* 204 B.R. 671, 674 (Bankr.E.D.N.Y.1996). Also supporting a conclusion that the warrant is a

civil contempt remedy are the facts that "it was initiated by a private party, to coerce the Debtor's compliance with his duty to provide discovery responses." *Atkins v. Martinez (In re Atkins)*, 176 B.R. 998, 1007 (Bankr.D.Minn.1994).

As a civil contempt remedy, the arrest warrant would appear to fall within the scope of Section 362(a)(2). However, some courts have held that the civil contempt penalty in question was issued to uphold the dignity of the court and therefore was not stayed in bankruptcy. *Stovall v. Stovall*, 126 B.R. 814, 816 (N.D.Ga.1990); *Rogers v. Overstreet (In re Rogers)*, 164 B.R. 382, 391–92 (Bankr.N.D.Ga.1994). The warrant in this case specifically states that it is issued for that purpose. But it is also being used as a coercive tool to enforce a judgment, as evidenced by the fact that Debtor could purge himself of the contempt by complying with the March 27 order. *See Siskin v. Complete Aircraft Servs., Inc. (In re Siskin)*, 231 B.R. 514, 519 (Bankr.E.D.N.Y.1999). The very fact that it was issued at Albany's request also suggests that its purpose is to enforce a judgment. *Mitchell Constr. Co. v. Smith (In re Smith)*, 180 B.R. 311, 319 (Bankr. N.D.Ga.1995); *Atkins*, 176 B.R. at 1006.

Albany would have this Court dissect the purposes behind the warrant and hold that to the extent it is used to force Debtor to comply with their efforts to enforce a judgment, it is controlled by the automatic stay, but to the extent it issued due to Debtor's disregard for the authority of the superior court, the automatic stay does not apply. However, these purposes are inextricably intertwined and cannot be severed. Debtor may purge his contempt and avoid incarceration by answering interrogatories and paying the attorney fees. Albany's position would require Debtor either to forego the option of purging contempt or to forego the protection of the automatic stay. Therefore, even if the warrant were based on Debtor's disrespect for the superior court, it is still being used as a collection device. As a result, the Court concludes that the arrest warrant is covered by the automatic stay.[1]

▆▆▆▆ The automatic stay goes into effect by operation of law,[2] so it is not the Court's responsibility to issue a duplicate injunction to prevent execution of the warrant. The burden is on the creditor to ensure that it does not violate the automatic stay. *Smith*, 180 B.R. at 319. The Bankruptcy Code provides a remedy to Debtor if Albany fails to meet its burden. 11 U.S.C. § 362(h).[3] Therefore, Albany must take steps to ensure the warrant is not executed. *Siskin*, 231 B.R. at 519 (finding that the creditors "had an affirmative obligation to ensure that the outstanding Warrant of Arrest was not enforced"); *Smith*, 180 B.R. at 319 (finding the creditor in violation of the automatic stay due to

1. Albany argues that whether or not the arrest warrant is covered by the automatic stay is for the state court, not this Court, to decide. However, in the *Rogers* case, which provides the basis for Albany's argument, the bankruptcy court concluded that the contempt order was issued to protect the dignity of the state court and not to enforce the judgment. 164 B.R. at 391. Because it was the court's actions rather than the creditor's actions that were in question, the debtor was obliged to raise the issue of the effect of his bankruptcy on a contempt order in the state court. *Id.* at 391–92. Those circumstances are not present in this case.

2. "[A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities ...." 11 U.S.C. § 362(a).

3. "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

its failure to act to nullify a contempt order).

In conclusion, the Court holds that the automatic stay prevents execution of the arrest warrant issued by the superior court for Debtor's civil contempt because it was issued to aid in the collection of a judgment. Therefore, a permanent injunction is unnecessary. Furthermore, as the creditor seeking to collect that judgment, Albany has a duty to take affirmative steps to ensure that, so long as the automatic stay is in effect, Debtor is not arrested under that warrant.

An Order in conformance with this Opinion will be entered on this date.

### ORDER

In accordance with the Memorandum Opinion entered on this date, the Court hereby DENIES Debtor James Bradford Goodman's request for a permanent injunction. The Order entered by the Court in this case on September 10, 2001 granting a preliminary injunction is hereby VACATED.